**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 23-4481**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JOSHUA DAVID SMITH,

        Defendant - Appellant.

---

**No. 23-4482**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JOSHUA DAVID SMITH,

        Defendant - Appellant.

---

Appeals from the United States District Court for the District of South Carolina, at Florence. Robert Bryan Harwell, Senior District Judge. (4:22-cr-00586-RBH-1; 4:12-cr-00571-RBH-1)

---

Submitted: July 30, 2024                            Decided: August 1, 2024

Before NIEMEYER, AGEE, and HEYTENS, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**ON BRIEF:** G. Wells Dickson, Jr., WELLS DICKSON, PA, Kingstree, South Carolina, for Appellant.  Andrea Gwen Hoffman, Assistant United States Attorney, Charleston, South Carolina, Kathleen Michelle Stoughton, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated cases, Joshua David Smith appeals his conviction and 92-month sentence for being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), as well as the revocation of his supervised release and the 21-month concurrent revocation sentence. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), indicating that there are no meritorious issues for appeal, but suggesting multiple issues for review, to wit: whether (1) a proper factual basis supports, and whether the court complied with Fed. R. Crim. P. 11 in accepting, Smith's guilty plea; (2) Smith's sentences are reasonable; and (3) the district court violated *United States v. Rogers*, 961 F.3d 291, 296-99 (4th Cir. 2020) (requiring that all nonmandatory supervised release conditions be announced at sentencing and that the written criminal judgment be consistent with the orally pronounced sentence). The Government has declined to file a response brief, and Smith has not filed a pro se supplemental brief despite being informed of his right to do so. Finding no error, we affirm.

Because Smith did not move to withdraw his guilty plea in the district court, we review the validity of his plea for plain error. *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016). "Under the plain error standard, [we] will correct an unpreserved error if (1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) (internal quotation marks omitted). In the guilty plea context, a defendant establishes that an error

3

affected his substantial rights by demonstrating "a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Davila*, 569 U.S. 597, 608 (2013) (internal quotation marks omitted).

Before accepting a guilty plea, the district court must conduct a plea colloquy in which it informs the defendant of, and determines the defendant understands, the rights he is relinquishing by pleading guilty, the charges to which he is pleading, and the applicable maximum and mandatory minimum penalties he faces. Fed. R. Crim. P. 11(b)(1); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991). The district court also must ensure that the plea is voluntary and not the result of threats, force, or promises not contained in a plea agreement, Fed. R. Crim. P. 11(b)(2), and "that there is a factual basis for the plea," Fed. R. Crim. P. 11(b)(3). Our review of the plea colloquy confirms that the district court complied with the requirements of Rule 11 and properly concluded that Smith's guilty plea was knowing, voluntary, and supported by an adequate factual basis. We therefore find that Smith's plea is valid.

Next, we review a criminal "sentence[]—whether inside, just outside, or significantly outside the [Sentencing] Guidelines range—under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). We "first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, . . . failing to consider the [18 U.S.C.] § 3553(a) factors, . . . or failing to adequately explain the chosen sentence." *Id.* at 51. If there is no significant procedural error, we then consider the substantive reasonableness of the sentence. *Id.* "Any sentence that is within or below a properly calculated Guidelines

4

range is presumptively reasonable." *United States v. White*, 810 F.3d 212, 230 (4th Cir. 2016) (internal quotation marks omitted). "Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the . . . § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

Furthermore, "[a] district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). A revocation sentence that is both within the applicable statutory maximum and not "plainly unreasonable" will be affirmed on appeal. *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (internal quotation marks omitted). In determining whether a revocation sentence is plainly unreasonable, this court assesses it for reasonableness, utilizing "the procedural and substantive considerations" employed in evaluating an original criminal sentence. *United States v. Crudup*, 461 F.3d 433, 438 (4th Cir. 2006).

A revocation sentence is procedurally reasonable if the district court considered both the policy statements contained in Chapter Seven of the Guidelines and the § 3553(a) factors it is permitted to consider in a supervised release revocation case. *See* 18 U.S.C. § 3583(e); *Crudup*, 461 F.3d at 439-40. The district court also must provide an explanation for the chosen sentence, although this explanation "need not be as detailed or specific" as is required for an original sentence. *United States v. Thompson*, 595 F.3d 544, 547 (4th Cir. 2010). A revocation sentence is substantively reasonable if the district court states a proper basis for concluding the defendant should receive the sentence imposed. *Crudup*, 461 F.3d at 440. Only if we find a sentence unreasonable must we decide whether it is "plainly" so. *Id.* at 439.

In choosing the 92-month sentence, the district court thoroughly explained the reasons for the imposed sentence, which included Smith's repeated failure to change his criminal ways despite multiple opportunities to do so. And after Smith admitted to having committed the supervised release violations with which he was charged, the court correctly calculated Smith's revocation sentencing range at 21 to 27 months in prison and imposed the 21-month concurrent prison term for the release violations, which the court explained was essentially a variant sentence, *see* U.S. Sentencing Guidelines Manual § 7B1.3(f), p.s. ("Any term of imprisonment imposed upon the revocation of . . . supervised release shall be ordered to be served consecutively to any sentence of imprisonment . . . , whether or not the sentence of imprisonment . . . resulted from the conduct that is the basis of the revocation of . . . supervised release."). Applying the above-outlined principles to the sentences imposed here, we affirm Smith's sentences.

As to the proffered *Rogers* claim, "we review the consistency of the oral sentence and the written judgment de novo." *United States v. Cisson*, 33 F.4th 185, 192 (4th Cir. 2022) (cleaned up). In *Rogers*, we held that the district court must orally pronounce at sentencing all discretionary conditions of supervised release, including standard conditions. 961 F.3d at 296. This requirement represents "a critical part of the defendant's right to be present at sentencing," *id.* at 300 (internal quotation marks omitted), ensuring the defendant's meaningful opportunity to object to unwarranted conditions before they are imposed and promoting compliance with "the requirement that discretionary conditions be adequately explained," *id.* at 298.

At Smith's sentencing, the district court expressly incorporated the mandatory and standard supervised release conditions it imposed on Smith, identified the nonmandatory conditions it was imposing, fully explained its rationale for imposing the conditions, and the written judgment mirrors the conditions announced by the court. We thus conclude that the district court committed no *Rogers* error when it imposed the supervised release conditions to which Smith must abide. *See, e.g.*, *Cisson*, 33 F.4th at 194 (finding no *Rogers* error where the district court "stat[ed] that it would impose the 'standard' conditions of supervised release").

In accordance with *Anders*, we have reviewed the record in these cases and have found no meritorious issues for appeal. We therefore affirm the judgment of the district court as to the felon-in-possession conviction and sentence in Appeal No. 23-4481 and affirm the judgment revoking supervised release and imposing a 21-month concurrent sentence in Appeal No. 23-4482. This court requires that counsel inform Smith, in writing, of the right to petition the Supreme Court of the United States for further review. If Smith requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Smith. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*